# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTOINE HARRIS, | : | Civil No. 3:16-cv-923 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| IAN TARRGOT, et al., | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff, Antoine Harris, an inmate currently confined at the Benner Township State Correctional Institution, in Bellefonte, Pennsylvania, initiated the instant action pursuant to 42 U.S.C. § 1983. (Doc. 1). Named as Defendants are Ian Taggart, Sergeant Bloomfield, and CO Heiner. (*Id.* at p. 1). Plaintiff alleges that he informed Defendants Bloomfield and Heiner that he had a medical condition and should be assigned to a bottom bunk on the bottom tier. (*Id.* at pp. 1-2). Plaintiff claims that Defendants failed to move him to a bottom bunk on the bottom tier and, as a result, he developed leg and ankle pain. (*Id.*).

Presently pending before the Court is Plaintiff's motion to appoint counsel. (Doc. 26). For the reasons set forth below, the motion will be denied without prejudice.

Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, the Court has discretion "to request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *Parham v. Johnson*, 126 F.3d 454, 456-

57 (3d Cir. 1997); *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).

By Memorandum and Order dated November 29, 2016, the Court previously denied similar motions for appointment counsel filed by Plaintiff. *See* (Docs. 22, 23). That Memorandum and Order also provided that if future proceedings demonstrated the need for counsel, Plaintiff's motion would be reconsidered. (Doc. 22, pp. 3-4). Since the entry of the November 29, 2016 Order, Plaintiff has continued to demonstrate a reasonable ability to litigate this action *pro se*. Furthermore, his latest motion fails to set forth sufficient special circumstances or factors which would warrant the appointment of counsel. *See Tabron v. Grace*, 6 F.3d 147, 153, 155-57 (3d Cir. 1993). Plaintiff again bases his motion on the alleged complexity of the case, limited access to the law library, limited education, and inability to afford counsel. (Doc. 26). Indeed, Plaintiff's present motion is nearly identical to his previously filed motions. *See* (Docs. 5, 19, 26).

Based on the foregoing, it does not appear that Plaintiff will suffer prejudice if forced

to prosecute this case on his own. The Court's duty to construe *pro se* pleadings liberally, *Haines v. Kerner*, 404 U.S. 519 (1972), *Riley v. Jeffes*, 777 F.2d 143, 147-48 (3d Cir. 1985), coupled with Plaintiff's apparent ability to litigate this action, militate against the appointment of counsel. Accordingly, the motion for appointment of counsel will be denied, however the denial will be without prejudice. Therefore, in the event that future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon motion of Plaintiff.

A separate Order follows.

Date: May 22, 2017

Robert D. Mariani
United States District Judge